UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JAMAR DAVIS,

                              Petitioner,

                                                                          23 Civ. 01678 (RMB)

         -against-
                                                                          **ORDER**

FEDERAL BUREAU OF PRISONS and
WARDEN USP CANAAN,

                              Respondent.
--------------------------------------------------------------X

I.      **Background**

        On February 8, 2017, Petitioner Jamar Davis ("Davis" or "Petitioner") pleaded guilty to

"using and carrying a firearm which was discharged during and in relation to a drug-trafficking

crime," in violation of 18 U.S.C. Section 924(c)(1)(A)(iii).[1]  (*See* Judgment, dated May 15, 2017,

at 1; *see also* Plea Hr'g Tr., dated Feb. 8, 2017, at 7:21–23.)  Davis's offense involved, among

other things, shooting an innocent bystander.  (*See* Presentencing Investigation Report, dated May

1, 2017, at ¶ 14.)  On May 15, 2017, the Court sentenced Davis to 120 months' imprisonment,

followed by 5 years of supervised release.  (*See* Sentencing Tr., dated May 15, 2017, at 12:15–25.)

Davis is scheduled to be released on March 1, 2026.   *See* Inmate Database, BOP,

https://www.bop.gov/inmateloc/.

        On November 24, 2020, Davis filed a motion for compassionate release under 18 U.S.C. §

3582, contending, among other things, that he suffered from "chronic asthma" and "severe

anxiety," and that the number of COVID-19 cases at FCI Beckley in Raleigh County, West

Virginia, where Davis was incarcerated at that time, "ha[d] ballooned exponentially."  (Mot. for

Compassionate Release, dated Nov. 24, 2022, at 2–3.)  On January 6, 2021, the Court denied

---

[1] The case number for Petitioner's criminal action is 1:16-CR-00339-RMB.

Davis's motion, ruling, among other things, that "neither Davis's medical conditions nor the prison conditions at FCI Beckley at this time constitute extraordinary and compelling circumstances warranting his compassionate release," and that "Davis poses a danger to the community." (Decision & Order, dated Jan. 6, 2021, at 4.)

On December 12, 2022 and December 24, 2022, Davis submitted letters to the Court asserting numerous complaints about the conditions at his (previous) confinements at FCI Beckley (Raleigh County, West Virginia) and USP Allenwood (in Union County, Pennsylvania). (*See* Pt'r's Letters, dated Dec. 12, 2022 and Dec. 24, 2022 (together, "Petition").)[2] Davis contends, among other things, that he was repeatedly refused medical care when he experienced "medical emergenc[ies]" including "asthma attacks," (*id.* at 1, 3); was "drenched with mace and thrown in cages to sit and burn," (*id.* at 1); was "beaten up by an officer while in cuffs," (*id.* at 3); and "had feces in [his] food which caused [him] not to eat" until he "passed out." (*Id.* at 2, 3.)   As of February 16, 2023, Davis has been detained at USP Canaan in Wayne County, Pennsylvania. *See* Inmate Database, BOP, https://www.bop.gov/inmateloc/; *see also* Inmate History, BOP (March 1, 2023) (attached hereto as Ex. A).

The Government responded to the Petition on January 23, 2023, stating, among other things, that Davis "offers no support whatsoever for any of his claims," and that Davis "does not ask for any particular relief." (Gov't's Resp., dated Jan. 23, 2023, at 1.)  The Government also contends that this Court "lack[s] jurisdiction . . . as it is very well-settled that a federal inmate attacking *the execution* of his sentence—as opposed to *the validity* of his conviction or sentence— must bring that challenge as a habeas petition under 28 U.S.C. § 2241, and he must file [it] in the district where he is serving his sentence." (*Id.* (citations omitted).)  That district is currently the

---

[2] Davis was at USP Allenwood at the time he submitted the letters. (*See* Petition.)

Middle District of Pennsylvania, as Davis is at USP Canaan in Wayne County, Pennsylvania. *See* Inmate Database, BOP, https://www.bop.gov/inmateloc/; USP Canaan, BOP, https://www.bop.gov/locations/institutions/caa/.

For the reasons stated below, Petitioner's claims will be transferred to Peter J. Welsh, Clerk of Court for the United States District Court for the Middle District of Pennsylvania, with copies to Fernando Garza, Warden at USP Canaan, and to Bureau of Prisons Counsel Jennifer Knepper. This Court lacks jurisdiction to adjudicate the claims set forth in the Petition.[3]

## II.    **Legal Standard**

"A challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence—is properly filed pursuant to [28 U.S.C.] § 2241." *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (emphasis in original) (citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997)). "Courts have consistently found it in the interest of justice to transfer habeas petitions when jurisdiction is lacking." *Shehnaz v. Ashcroft*, No. 04 Civ. 2578 (DLC), 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004) (citations omitted); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) (citing 28 U.S.C. § 1406(a)).

A motion pursuant to 28 U.S.C. § 2241 may include matters such as "prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers*, 106 F.3d at 474–75); *see also Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). For "habeas petitions challenging present physical confinement" under Section 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also* 28 U.S.C. § 2241.

---

[3] **Any issues raised by the parties not specifically addressed herein were considered by the Court on the merits and rejected.**

### III.    Analysis

The Court construes the Petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 because it "challenge[s] . . . the Bureau of Prisons' execution of [Davis's] sentence," including threats to Davis's medical wellbeing. *Chambers*, 106 F.3d at 475; *see also Broaddus v. Pullen*, No. 3:22-CV-172(SRU), 2022 WL 4598854, at *3 (D. Conn. Sept. 30, 2022) (citing *Levine*, 455 F.3d at 78).

Since February 16, 2023, Davis has been incarcerated at USP Canaan in Wayne County, Pennsylvania, within the Middle District of Pennsylvania. (*See* Ex. A.)  Accordingly, this action will be transferred to the Middle District of Pennsylvania.[4]  *See Rumsfeld*, 542 U.S. at 443; *see also Shehnaz*, 2004 WL 2378371, at *4.

### IV.    Conclusion & Order

For the foregoing reasons, the Clerk of Court is respectfully directed to transfer the Petition, along with the Government's Response, to Peter J. Welsh, Clerk of Court for the United States District Court for the Middle District of Pennsylvania, forthwith.  The Southern District of New York Clerk of Court is directed to mail a copy of this Order, along with the Petition [#1] and the Government's Response [#2] to Fernando Garza, Warden of USP Canaan (3057 Eric J. Williams Memorial Drive, Waymart, Pennsylvania, 18472), and to Bureau of Prisons Counsel Jennifer Knepper (Lewisburg USP, 2400 Robert F. Miller Drive, Lewisburg, Pennsylvania, 17837).

Dated:  March 8, 2023
      New York, NY

                                         RICHARD M. BERMAN
                                         U.S.D.J.

---

[4] This Order is without prejudice to any claims Petitioner may have, *e.g.*, under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).